# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0538V

|   |   |
|---|---|
| G. MATTHEW KOSMA,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: August 11, 2023 |

*Nancy Routh Meyers, Turning Point Litigation, Greensboro, NC,* for Petitioner.

*Madelyn Weeks, U.S. Department of Justice, Washington, DC,* for Respondent.

### RULING ON ENTITLEMENT[1]

On January 11, 2021, G. Matthew Kosma filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") following receipt of an influenza ("flu") vaccine's administration on February 15, 2020. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 28, 2023, I issued Findings of Fact concluding that the evidence preponderantly demonstrates that Petitioner's vaccination was administered in his left arm as alleged. Findings of Fact, ECF No. 28.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On August 11, 2023, Respondent filed his Rule 4(c) Report, in which he states: "In light of [the undersigned's] fact ruling, and the medical record evidence submitted in this case, DICP has concluded that Petitioner suffered a SIRVA as defined by the Vaccine Injury Table." Rule 4(c) Report at 5-6 (citing 42 C.F.R. §§ 100.3(a), 100.3(c)(10); Section (c)(11)(D)(i). Therefore, "based on the record as it now stands and subject to his right to appeal the Findings of Fact, Respondent does not dispute that Petitioner has satisfied all legal requisites for compensation under the Act." *Id.* at 6 (citing Section 13). Respondent therefore requests a determination on the issue of entitlement in the case based on the record as it now stands. *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

IT IS SO ORDERED.

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master