# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0538V

|   |   |
|---|---|
| G. MATTHEW KOSMA,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: May 20, 2024 |

*Nancy Routh Meyers*, Turning Point Litigation, Greensboro, NC, for Petitioner.

*Madelyn Weeks*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

　　On January 11, 2021, G. Matthew Kosma filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration ("SIRVA") following receipt of an influenza vaccine's administration on February 15, 2020. Petition at 1. On October 12, 2023, I issued a decision awarding damages to Petitioner, based on the Respondent's proffer. ECF No. 36.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $51,812.21 (representing $51,088.00 for fees and $724.21 for costs). Petitioner's Motion for Fees and Costs filed Apr. 9, 2024, ECF No. 41; ECF 41-1 at 15-16. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. ECF No. 41-2.

Respondent reacted to the motion on April 10, 2024, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 42. The next day, Petitioner filed a reply stating that Petitioner "concurs with Respondent's recommendation." ECF No. 43.

Having considered the motion along with the invoices and other proof filed in connection, I find reductions in the amount of fees to be awarded appropriate, for the reasons set forth below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours

that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

### A. Hourly Rates

Petitioner requests hourly rates for attorneys and paralegals at Turning Point Litigation performing work in this matter as follows:

|  | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|
| Nancy Meyers, Esq. | $400 | $430 | $460 | $490 | $530 |
| L. Cooper Harrell, Esq. | X | X | $430 | $470 | X |
| Paralegals | $150 | $155 | $160 | $165 | $180 |

ECF No. 41-1 at 1-15. The hourly rates requested for all work performed by Ms. Meyers and paralegals through 2023, and for Mr. Harrell through 2022 are reasonable and consistent with prior determinations. Additionally, Petitioner has also requested a 2024 attorney hourly rate of $530 for work performed by Nancy Meyers - representing a rate increase of $40,[3] and a 2024 paralegal hourly rate of $180 - representing a rate increase of $15. *Id.* at 1, 15-17. I find these 2024 hourly rates to be reasonable, and will therefore be adopted. However, the 2023 attorney hourly rate requested for L. Cooper Harrell requires adjustment.

For his 2023 work, Mr. Harrell had 21 years of overall experience, but less than one year of experience in the Vaccine Program.[4] Thus, his 2023 hourly rate should fall within the range allowed for attorneys with 20 to 30 years of overall experience ($450 -

---

[3] Although this yearly increase is greater than I normally would allow, it is due to the arguably lower hourly rate assigned to Ms. Meyers 2023 work, not because her requested 2024 rate is too high.

[4] An attorney's level of experience is calculated at the beginning of each year and is generally based upon the attorney's bar date. *See McCulluch v. Sec'y of Health & Hum. Servs.,* No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (providing the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience). No adjustment is made for the exact month when the attorney passed the bar. Because he was first barred in 2001, Mr. Harrell had 21 years of experience at the beginning of 2023. Petitioner appears to be using an incorrect method when calculating levels of experience as she lists Mr. Harrell's overall experience for 2024, as 23 years. ECF No. 52-1 at 1. Likewise, she has listed a level of experience one year greater than is accurate for all attorneys. *Id.* Petitioner's counsel should note this error and make the necessary correction in future motions.

3

$534), albeit on the lower end of this range.[5] Properly reflecting these levels of experience, Mr. Harrell's 2022 hourly rate ($430) is close to the minimal for the 2022 range ($427 - $507).[6] After obtaining only one more year of experience within this ten year range, Mr. Harrell has requested a 2023 hourly rate of $470 - representing a $40 increase and placing him almost one-fourth of the distance above the 2023 minimal amount ($450). Although the quality of Mr. Harrell's work is good, his lower overall and vaccine-related experience dictates the application of a slightly lower hourly rate. Thus, I will award attorney's fees for the 2023 work performed by Mr. Harrell using a rate of $460 per hour. **This results in a reduction of $600.00 from the attorney's fees paid.[7]**

### B. Hours Billed

Regarding the number of hours billed, however, I deem the *total* amount of time devoted to briefing the factual issue of the site of vaccination to be excessive. *See* Petitioner's Motion for Ruling on the Record Regarding Site of Vaccine Administration and Supporting Memorandum of Law, filed Mar. 30, 2023, ECF No. 23; Petitioner's Reply in Further Support of Motion for Ruling on the Record, filed June 20, 2023, ECF No 27. Petitioner's counsel expended approximately 34.9 hours drafting the initial brief, and 24.9 hours drafting the responsive brief, totaling 59.8[8] hours. ECF No. 41-1 at 12-13.

My above calculation does not include time spent communicating with Petitioner and preparing additional supporting documentation such as affidavits or signed declarations, which is also being awarded in full. *See,* e.g., ECF No. 41-1 at 13 (entry dated 6/28/23).

It is unreasonable for counsel to spend so much time briefing the issue of the site of vaccination in this case, where the issues presented are not complex. I have identified

---

[5] *See* OSM Attorneys' Forum Hourly Rate Fee Schedule: 2022 which can be found on the Court's website at www.uscfc.uscourts.gov (last visited May 6, 2024).

[6] *See* OSM Attorneys' Forum Hourly Rate Fee Schedule: 2023 which can be found on the Court's website at www.uscfc.uscourts.gov (last visited May 6, 2024).

[7] This amount is calculated as follows: ($470 - $460) x 60.0 hrs. = $600.00.

[8] This total is calculated as follows: 0.6 hours billed on 3/30/23 and 6/19/23, billed by Nancy Meyers at a rate of $490 per hour; and 59.2 hours billed on 3/20/23, 3/21/23, 3/22/23, 3/23/23, 3/27/23, 3/28/23, 3/29/23, 6/12/23, 6/13/23, 6/14/23, 6/15/23, and 6/16/23, billed by L. Cooper Harrell at a rate of $460 per hour, after the rate decrease detailed in this Fee Decision. *See supra* Attorney Fees, Section A.

numerous cases (which may reasonably be compared to time spent in this matter),[9] in which attorneys have accomplished this task in about half the time.[10] *See,* e.g., *Borman v. Sec'y of Health & Hum. Servs.*, No. 20-0059V (Feb. 12, 2024) (8.3 hours billed for a brief regarding onset and 2.6 reviewing Respondent's responsive brief); *Alsip v. Sec'y of Health & Hum. Servs.*, No. 21-1815V (Mar. 22, 2023) (9.6 billed for a brief regarding severity); *Law v. Sec'y of Health & Hum. Servs.*, No. 21-0699V (Feb. 23, 2023) (13.2 hours billed for a brief regarding severity); *Smith v. Sec'y of Health & Hum. Servs.,* No. 19-0314V (Apr. 26, 2022) (11 and 5 hours billed for drafting a motion and reply for a factual ruling regarding onset).

The circumstances of this case did not warrant devoting so much to the situs briefing. Of course, having prevailed in this case, a fees award is generally appropriate. *See Kosma v. Sec'y of Health & Hum. Servs.,* No. 20-0059V, 2023 WL 7548259 (Fed. Cl. Spec. Mstr. Oct. 12, 2023). But the Act permits only an award of a *reasonable amount of* attorney's fees. Accordingly, I will reduce the sum to be awarded for damages briefing (**a total of 59.8 hours, or $27,526.00)** by *thirty percent*. Such an across-the-board reduction (which I am empowered to adopt)[11] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shaded accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This results in a further reduction of $8,257.80 from the attorney's fees.[12]**

## ATTORNEY COSTS

Petitioner requests $724.21 in overall costs and has provided receipts for all expenses. ECF No. 41-1 at 16-36. And Respondent offered no specific objection to the rates or amounts sought.

---

[9] Special masters may use comparisons to attorneys performing similar tasks to determine if hours are excessive. *See Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1518-1521 (Fed. Cir. 1993).

[10] These decisions can be found on the United States Court of Federal Claims website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited Feb. 7, 2024).

[11] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See,* e.g., *Abbott v. Sec'y of Health & Hum. Servs.,* 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009).

[12] This amount is calculated as follows: (0.6 hrs. x $490 x .30) + (59.2 hrs. x $460 x .30) = $8,257.80.

5

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$42,954.41 (representing $42,230.20 for fees and $724.21 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel's current law firm, Turning Point Litigation.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[13]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[13] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.